UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRIC MOSLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. MA, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-0945 WBS AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis with this civil rights action, requests appointment of counsel. Plaintiff states that he is indigent; is currently housed in administrative segregation with limited access to the prison law library; has never been a party to a civil legal proceeding; that the issues in this case are complex and a lawyer would help plaintiff apply the law properly in his briefs before this court; and that a lawyer would assist in the presentation of evidence and cross-examination of witnesses at trial.

This is plaintiff's first request for appointment of counsel. He has no other cases pending in this court. The instant case proceeds against two defendants on plaintiff's Eighth Amendment claims for deliberate indifference to his serious medical needs. The court referred this case to its Post-Screening ADR (Alternative Dispute Resolution) Project, ECF No. 19, but defendants requested to opt out of the project, ECF No. 20, and the request was granted, ECF No. 21. Thereafter, on October 2, 2019, the court issued a Discovery and Scheduling Order, setting a

discovery deadline of January 31, 2020, and a motion deadline of May 1, 2020. ECF No. 27.

The Supreme Court has held that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, a court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on plaintiff. Circumstances common to most prisoners, such as indigency, lack of legal education and limited law library access, do not establish exceptional circumstances warranting the appointment of voluntary counsel. Id.

In the present case, plaintiff's reasons for seeking appointment of counsel reflect circumstances common to most prisoners. Moreover, the factual and legal issues are relatively limited in this case, involving the alleged failure of one physician and one nurse to properly treat an injury to plaintiff's right hand. These fairly straight forward factual allegations are buttressed by plaintiff's demonstrated ability to articulate his claims pro se. It remains unclear whether this case will go to trial. For these reasons, the court finds that plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel, ECF No. 29, is DENIED without prejudice.

DATED: December 30, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE