UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRIC MOSLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>MA, et al.,<br><br>  Defendants. | No. 2:16-cv-0945 WBS AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has requested appointment of counsel and an extension of time. ECF Nos. 46, 47.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

1    most prisoners, such as lack of legal education and limited law library access, do not establish
2    exceptional circumstances that would warrant a request for voluntary assistance of counsel.

3          Plaintiff requests counsel to assist with responding to defendants' summary-judgment
4    motion, on the grounds that he has contracted COVID-19 and is experiencing extreme headaches,
5    fatigue, and disorientation, and does not know how long his symptoms will last.  ECF No. 46.  He
6    also states that because of COVID the prison is unable to "offer inmate access to adequately
7    litigate."  Id.  The circumstances identified by plaintiff are currently being experienced by
8    prisoners throughout the California Department of Corrections and Rehabilitation and therefore
9    do not establish the necessary exceptional circumstances.  The motion for counsel will therefore
10   be denied.

11         Plaintiff also makes his third request for an extension of time to respond to defendants'
12   motion for summary judgment.  ECF No. 47.  The current deadline is January 15, 2021.  ECF No.
13   45.  After defendants filed their motion on July 9, 2020, plaintiff requested and was granted an
14   additional ninety days to respond.  ECF Nos. 41, 43.  He then requested and was granted an
15   additional sixty days to respond.  ECF Nos. 44, 45.  Plaintiff now seeks an additional ninety days
16   on the grounds that he has tested positive for COVID-19, the prison remains on indefinite
17   lockdown, and he has not been able to access the law library in several months, making it
18   impossible to adequately litigate.  ECF No. 47.

19         Although plaintiff states that he has not been able to access the law library in several
20   months, his last request for an extension indicated that he had been to the law library and was
21   being granted limited access.  ECF No. 44.  Furthermore, he fails to explain what he has been
22   doing in the five months since he received defendants' motion,[1] how long he has had COVID, or
23   how it is preventing him from working on his response.  ECF No. 47.  While the court recognizes
24   that the current public health crisis creates additional difficulties for prisoners, plaintiff is still
25   responsible for litigating this case, and even when unable to go to the law library he should be

---

27   [1] Plaintiff's first request for extension of time stated that there was an approximately twenty-five-
28   day delay in his receipt of the motion for summary judgment because he did not update his
     address of record and the motion had to be forwarded to his correct address.  ECF No. 41.

working on the portions of his response that do not require legal research. The request for an extension of time will therefore be granted only in part. If plaintiff seeks an additional extension of his deadline, he must explain why he needs the additional time, what he has been doing in the time he has already been granted, and why the time he has already had was not enough.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel, ECF No. 46, is DENIED.

2. Plaintiff's request for an extension of time, ECF No. 47, is GRANTED IN PART. Plaintiff shall have an additional thirty days, up to February 15, 2021, to file his response to defendants' motion for summary judgment. Defendants' may file a reply within fourteen days of the service of plaintiff's response.

DATED: January 11, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE